## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| Wilson A. Rivera<br>509 Butler Springs Court<br>Grovetown, Georgia  30813,<br><br>         Plaintiff.<br><br>         v.<br><br>John M. McHugh,<br>in His Official Capacity As the Secretary of the Army<br>101 Army Pentagon<br>Washington, D.C.  20310; and<br><br>United States of America,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.:  1:14-cv-2037<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### Nature  and Summary of Action

1. Plaintiff Wilson A. Rivera files this action against John M. McHugh, in his official

capacity as the Secretary of the Army, and the United States of America seeking equitable,

injunctive or declaratory relief under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.,*

consisting of an order directing the Army Board for Correction of Military Records ("ABCMR")

to adjudicate on the merits Mr. Rivera's application for the correction of his military records to

reflect his placement on the Army's permanent disability retired list with a disability rating of 40

percent.

2. Pursuant to the Department of Defense Integrated Disability Evaluation System

("IDES"), Mr. Rivera was separated from the Army Reserve in 2013 with a 20 percent disability

rating, a rating assigned to his unfitting seizure disorder by the Department of Veterans Affairs

("VA"). In accordance with the Department of Defense regulation applicable to the IDES, after the VA increased the disability rating for his unfitting seizure disorder from 20 percent to 40 percent in a VA Rating Decision constituting final VA agency action in Mr. Rivera's case, Mr. Rivera submitted an application to the ABCMR in 2014, following his separation from the Army, seeking correction of his military records to reflect the increased VA disability rating of 40 percent and his permanent disability retirement based on that VA rating.   The ABCMR declined to adjudicate on the merits Mr. Rivera's application, erroneously concluding that Mr. Rivera must first exhaust his administrative remedies by filing an appeal with the Board of Veterans' Appeals.   The ABCMR's decision is inconsistent with and reflects a plainly erroneous interpretation of applicable VA and Department of Defense regulations and irrationally requires Mr. Rivera to appeal a final VA agency action for which he has no legal basis or obligation to appeal, and upon which he relies to support his ABCMR application.

The Parties

3.  Plaintiff Wilson A. Rivera is a resident of the State of Georgia at 509 Butler Springs Court, Groveton, Georgia 30813, who was on July 17, 2013, released from active duty with the United States Army Reserve in the rank of sergeant first class and the grade of E-7 with disability severance pay based on a 20 percent disability rating.

4.  Defendant John M. McHugh is the Secretary of the United States Army and has served in that position continuously since September 21, 2009.  The United States Army is a military department and agency of defendant United States of America.

Jurisdiction and Venue

5.  This Court has jurisdiction over this action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* and 28 U.S.C. § 1331, because Mr. Rivera's right to relief depends upon

the proper construction or application of Federal law: Mr. Rivera challenges as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and unsupported by substantial evidence the ABCMR's final agency action on September 26, 2014, declining to adjudicate on the merits Mr. Rivera's application to the ABCMR and returning that application without action, relying on Army Regulation 15-185, paragraph 2-5, based on Mr. Rivera's purported failure to exhaust administrative remedies by first filing an appeal with the VA Board of Veterans' Appeals.

6. Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Mr. Rivera's claims occurred before the Department of the Army, the Secretary of the Army, or the ABCMR in Washington, D.C., and the Secretary of the Army performs a significant amount of his official duties in Washington, D.C.

Factual Background

7. In 2012, Mr. Rivera was a member of the U.S. Army Reserve serving in the rank of sergeant first class and pay grade E-7 assigned to the 300th Public Affairs Detachment Mobile at Fort Gillem, Georgia.

8. On August 28, 2012, a Medical Evaluation Board at the Eisenhower Army Medical Center at Fort Gordon, Georgia referred Mr. Rivera for evaluation and processing by an Army Physical Evaluation Board ("PEB") at Fort Sam Houston, Texas due to his diagnosis with a seizer disorder.

9. The PEB at Fort Sam Houston, Texas adjudicated Mr. Rivera's disability case under the IDES. At all times pertinent to Mr. Rivera's disability proceedings, the policies and procedures of the IDES were subject to a Department of Defense regulatory issuance entitled Department of Defense Directive-Type Memorandum (DTM) 11-015 – Integrated Disability

Evaluation System (IDES), dated December 19, 2011 ("DTM 11-015"). Under the IDES, if a PEB determines that a Soldier suffers from an unfitting medical condition, the PEB recommends whether the Soldier should be separated with a disability severance payment or placed in a disability retirement status based on the disability rating the VA determined to be applicable to the unfitting condition using the Veterans Affairs Schedule for Rating Disabilities ("VASRD").

10.  On January 18, 2013, the VA Regional Office in Seattle, Washington determined the disability rating for Mr. Rivera's unfitting seizure disorder was 20 percent and forwarded that determination to the PEB.

11.  Between February 11 and 14, 2013, Mr. Rivera was admitted to the VA Medical Center in Birmingham, Alabama for a study of his seizure disorder.

12.  Pursuant to the IDES, on February 28, 2013, the PEB found that Mr. Rivera's seizure disorder was unfitting and recommended his discharge from the Army Reserve with disability severance pay based on the 20 percent disability rating assigned by the VA Seattle Regional Office.

13.  On March 15, 2013, through military counsel appointed to assist him, Mr. Rivera submitted a VA Rating Reconsideration to the VA Regional Office in Seattle, Washington, requesting that the VA increase the rating for his seizure disorder from 20 percent to 80 percent. On April 9, 2013, the VA Regional Office in Seattle declined to take favorable action on Mr. Rivera's request, leaving Mr. Rivera's seizure disorder disability rating at 20 percent.

14.  On April 10, 2013, the PEB notified Mr. Rivera that the VA Regional Office in Seattle had denied his request and declined to change his disability rating and that the PEB was forwarding his case to the U.S. Army Physical Disability Agency ("USAPDA") for action.

15. On April 30, 2013, the VA Atlanta Regional Office issued a Rating Decision with regard to Mr. Rivera's unfitting seizure disorder in which the VA increased from 20 percent to 40 percent the disability rating for Mr. Rivera's seizure disorder. The VA Atlanta Regional Office re-opened Mr. Rivera's case and re-evaluated his unfitting seizure disorder due to his hospitalization in February 2013 at the VA Medical Center in Birmingham, Alabama, as required by VA regulations at 38 C.F.R. § 3.157(b)(1), which mandates the re-opening and re-evaluation of a Veteran's claim upon his hospitalization in a VA medical facility for a medical condition relevant to that claim. Based on that re-evaluation, the VA Regional Office in Atlanta determined that the proper disability rating under the VASRD for Mr. Rivera's unfitting seizure disorder was 40 percent. Under VA regulations at 38 C.F.R. 3.104(a), the Rating Decision issued on April 30, 2013, by the VA Regional Office in Atlanta in Mr. Rivera's case became final and binding on all VA regional offices and superseded the previous 20 percent rating assigned by the VA Seattle Regional Office.

16. On July 9, 2013, military counsel on Mr. Rivera's behalf submitted a request to the USAPDA that based on the revised 40 percent disability rating assigned by the VA Atlanta Regional Office to Mr. Rivera's unfitting seizure disorder in its Rating Decision dated April 30, 2013, rather than being separated from the Army Reserve with a disability severance payment, Mr. Rivera should be placed on the Army's Permanent Disability Retired List in the grade of E-7 with a 40 percent disability rating.

17. On July 17, 2013, pursuant to Order D163-26, dated June 12, 2013, issued by the USAPDA, Mr. Rivera was discharged from the U.S. Army Reserve with a disability severance payment based on a 20 percent disability.

18.  By memorandum dated December 2, 2013, to Mr. Rivera and his prior military counsel, the USAPDA responded to military counsel's request dated July 9, 2013.  The USAPDA stated that it declined to take favorable action because it alleged it was bound by the 20 percent disability rating issued by the VA Regional Office in Seattle and would not recognize as outside the IDES the 40 percent disability rating subsequently issued by the VA Regional Office in Atlanta when it re-opened Mr. Rivera's case.  The USAPDA further stated:

> At this point, even though the Soldier has already separated from the military and even though he has already had a VARR for this condition, the Soldier may file an appeal with the VA.  If the VA determines its 40% rating from the Atlanta VARO, and not the 20% rating by the D-RAS, is correct, the Soldier may appeal to ABCMR.  PDA will change the rating when approved by ABCMR.

19.  On January 13, 2014, Mr. Rivera submitted an application to the ABCMR consisting of a DD Form 149, Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552, dated January 10, 2014, together with a Continuation Sheet to Items 5 and 6 on the DD Form 149, and supporting Exhibits.  In his application to the ABCMR, Mr. Rivera advanced several reasons why the ABCMR should grant him the full relief he requested:

(a)  Under the IDES, as prescribed by DTM 11-015, the Army was required to apply the disability rating assigned to Mr. Rivera's unfitting seizure disorder by the VA under the VASRD, which in Mr. Rivera's case was the 40 percent rating reflected in the Rating Decision issued by the VA Regional Office in Atlanta on April 30, 2013.

(b)  The VA Atlanta Regional Office re-opened Mr. Rivera's case based on his hospitalization in February 2013 at a VA Medical Center as required by 38 C.F.R. § 3.157(b)(1).  Upon re-opening of Mr. Rivera's case and issuance of the Atlanta Regional Office Rating Decision on April 30, 2013, the increased 40 percent rating superseded and rendered void the 20

percent rating previously assigned in his case by the VA Regional Office in Seattle and with

respect to his case became final and binding on all VA regional offices pursuant to 38 C.F.R. §

3.104(a). Mr. Rivera did not disagree with the 40 percent rating; consequently, under VA

regulations there was no basis for him to, nor did he have an obligation to, nor did he appeal that

final 40 percent disability rating determination by the VA regarding his unfitting seizure

disorder.

(c)  DTM 11-015, Appendix 1 to Attachment 4,  paragraph 7 expressly contemplates that

the ABCMR should correct Mr. Rivera's military records, because the VA increased its

disability rating of his unfitting medical condition, that increase was not considered as part of the

adjudication of Mr. Rivera's case under the IDES, and the increased VA rating constituted new

information that would change the disposition of Mr. Rivera's case from one resulting in his

separation from the Army with severance pay to one resulting in his permanent disability

retirement from the Army.

20.  By letter dated September 24, 2014, the ABCMR returned Mr. Rivera's ABCMR

application dated January 10, 2014, "without prejudice and without action taken by the Board"

due to Mr. Rivera's purported failure to exhaust his administrative remedies by first filing an

appeal with the Board of Veterans' Appeals. The ABCMR stated, "Paragraph 2-5, Section II,

Army Regulation 15-185, the regulation under which this Board operates, states that the Board

will not consider any application if it determines that you have not exhausted all administrative

remedies available to you. There is no evidence that you filed an appeal with the Board of

Veterans' Appeals (BVA)." The Board further stated, "However, should your case not be

resolved to your satisfaction, and you still feel that an error or injustice exists, you may resubmit

your application to the Board, including evidence of the VBA's final determination of appeal, for administrative correction of your records."

Claims for Relief

21.  Under the IDES, a PEB is responsible for making fitness determinations and military disability dispositions of Soldiers appearing before it based on: (a) medical examinations performed by the VA or performed by third parties to VA examination standards; (b) the diagnostic codes in the VASRD determined by the VA to be applicable to the PEB-referred, unfitting medical conditions; and (c) the disability ratings applied by the VA based on the VASRD to those military unfitting medical conditions.

22.  DTM 11-015, Appendix 1 to Attachment 4, paragraph 7, provides that after a Service member is separated from military service for a medical disability, the Service member may request correction of his or her military records through the appropriate military department board for correction of military records, if the VA has changed the VA disability rating for the Service member's unfitting medical condition and that new information may result in a different military disability disposition for the Service member.  DTM 11-015 does not provide that a military department correction board may consider an application based on a changed VA disability rating only when the changed rating results from an appeal to the Board of Veterans' Appeals nor does it require that a Service member must exhaust his or her administrative remedies through an appeal to the Board of Veterans' Appeal before the Service member seeks relief based on a changed VA disability rating for an unfitting medical condition that is a final VA agency action and binding on all VA regional offices.

23.  The VA Atlanta Regional Office re-opened and re-evaluated Mr. Rivera's case as required by 38 C.F.R. § 3.157(b)(1), due to Mr. Rivera's hospitalization in February 2013 at the

8

VA Medical Center in Birmingham, Alabama.  Based on that re-evaluation, the VA Regional

Office in Atlanta determined that the proper disability rating under the VASRD for Mr. Rivera's

unfitting seizure disorder was 40 percent.  As prescribed by 38 C.F.R. 3.104(a), the Rating

Decision issued on April 30, 2013, by the VA Regional Office in Atlanta in Mr. Rivera's case

became final and binding on all VA regional offices and superseded and rendered void the

previous 20 percent rating assigned by the VA Seattle Regional Office.  Mr. Rivera did not

disagree with the increased 40 percent rating and had no basis or obligation to appeal nor did he

appeal that 40 percent disability rating assigned by the VA to his unfitting medical condition.

Accordingly, the 40 percent VA disability rating for Mr. Rivera's unfitting seizure disorder was a

final agency action by the VA.

24.  It was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law, and unsupported by substantial evidence for the ABCMR to return without action and

to decline to adjudicate on the merits Mr. Rivera's application for correction of his military

records based on his purported failure to exhaust administrative remedies as allegedly required

by paragraph 2-5, Army Regulation 15-185, for the following reasons:

(a)  Other than citing to the general requirements of Army Regulation 15-185 that a

Soldier must exhaust his or her administrative remedies, a regulation which does not reference

the Board of Veterans' Appeals, the ABCMR failed to provide any rationale, explanation or

analysis for its conclusion that Mr. Rivera was required to first file an appeal with the Board of

Veterans' Appeals prior to applying for relief from the ABCMR based on a VA change to the

disability rating the VA assigned to Mr. Rivera's unfitting medical condition;

(b)  The ABCMR decision is inconsistent with and results from a plainly erroneous

interpretation of DTM 11-015, which at Appendix 1 to Attachment 4, paragraph 7, expressly

9

provides that Mr. Rivera after his separation from the Army Reserve for a medical disability may request that the ABCMR correct his military records, because the VA changed the disability rating for his unfitting seizure disorder and the new rating resulted in a different disposition of Mr. Rivera's case by making Mr. Rivera eligible for a permanent disability retirement in lieu of separation with a disability severance payment;

(c) The ABCMR decision is inconsistent with and results from a plainly erroneous interpretation of DTM 11-015, which does not preclude ABCMR adjudication on the merits of Mr. Rivera's application based on the VA change to the disability rating for his unfitting seizure disorder, because that changed rating resulted from VA's re-opening and re-evaluation of Mr. Rivera's case as required by VA regulations rather than as a result of an appeal to the Board of Veterans' Appeals;

(d) The ABCMR decision is inconsistent with and results from a plainly erroneous interpretation of DTM 11-015, which does not require that Mr. Rivera must exhaust his administrative remedies by appealing the VA's final agency action increasing to 40 percent the disability rating assigned by the VA to his unfitting seizure disorder; and,

(e) Contrary to the ABCMR's decision, under VA regulations the increased 40 percent disability rating the VA assigned to Mr. Rivera's unfitting seizure disorder was the final VA rating decision in Mr. Rivera's case and superseded and rendered void the previously assigned 20 percent rating.  The ABCMR decision is inconsistent with and results from a plainly erroneous interpretation of VA regulations, because it irrationally requires before the ABCMR would adjudicate his application for relief on the merits, that Mr. Rivera appeal to the Board of Veterans' Appeals the final VA agency action increasing his disability rating to 40 percent, a

final action by the VA with which Mr. Rivera did not disagree, for which he had no regulatory basis or obligation to appeal, and upon which he based his application to the ABCMR.

Prayer for Relief

25.   WHEREFORE, it is respectfully requested that this Court find that the ABCMR's decision that Mr. Rivera was required to exhaust his administrative remedies by first filing an appeal with the Board of Veterans' Appeals before the ABCMR will adjudicate on the merits his application for correction of his military records was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and unsupported by substantial evidence, and enter judgment against defendants John M. McHugh, in his official capacity as the Secretary of the Army, and the United States of America, ordering in the nature of equitable, injunctive or declaratory relief that the ABCMR adjudicate on the merits consistent with applicable law Mr. Rivera's application for correction of his military records to reflect his placement on the Army's permanent disability retired list with a disability rating of 40 percent based on the 40 percent disability rating assigned by the VA to his unfitting seizure disorder.


Scott W. MacKay
Attorney at Law
D.C. Bar No. 414572
700 N. Frederick Avenue
Gaithersburg, Maryland  20879
 (301) 240-5922 (telephone)
 (301) 240-6748 (facsimile)
scott.w.mackay@lmco.com

Attorney for Plaintiff Wilson A. Rivera

Dated:  12/3/14